FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG - 7 2012

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 12-1909 |
| Plaintiff, ) | |
| ) | Counts 1 and 2, 4, and 6-9: 21 U.S.C. § 860(a): |
| vs. ) | Distribution or Manufacturing In or Near Schools |
| ) | and Colleges; |
| **AARON ROMERO,** ) | |
| **PAUL ULIBARRI,** ) | Count 10: 21 U.S.C. §§ 841(a)(1) and |
| **GEORGE BARELA,** ) | (b)(1)(C): Distribution of Heroin; |
| **RUBY ARAGON,** ) | |
| and **GILBERT ARAGON,** ) | Counts 3, 5, 11 and 12: 21 U.S.C. §§ 841(a)(1) |
| ) | and (b)(1)(C): Distribution of Cocaine Base; 18 |
| Defendants. ) | U.S.C. § 2: Aiding and Abetting; |
| ) | |
| ) | Counts 13 and 14: 21 U.S.C. § 856(a)(1): |
| ) | Maintaining or Using a Place for the Distribution |
| ) | and Use of a Controlled Substance; |
| ) | |
| ) | Criminal Forfeiture. |

## INDICTMENT

The Grand Jury charges:

### Count 1

On or about November 30, 2011, in San Miguel County, in the District of New Mexico, the defendant, **AARON ROMERO**, unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

## Count 2

On or about December 8, 2011, in San Miguel County, in the District of New Mexico, the defendant, **AARON ROMERO,** unlawfully, knowingly and intentionally distributed a controlled substance, mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

## Count 3

On or about December 8, 2011, in San Miguel County, in the District of New Mexico, the defendant, **GILBERT ARAGON,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## Count 4

On or about December 29, 2011, in San Miguel County, in the District of New Mexico, the defendant, **AARON ROMERO,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

## Count 5

On or about December 29, 2011, in San Miguel County, in the District of New Mexico, the defendant, **RUBY ARAGON,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## Count 6

On or about January 6, 2012, in San Miguel County, in the District of New Mexico, the defendants, **AARON ROMERO and PAUL ULIBARRI,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

## Count 7

On or about January 6, 2012, in San Miguel County, in the District of New Mexico, the defendants, **AARON ROMERO and PAUL ULIBARRI,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

## Count 8

On or about January 12, 2012, in San Miguel County, in the District of New Mexico, the defendants, **AARON ROMERO and GEORGE BARELA,** unlawfully, knowingly and intentionally distributed a controlled substance, mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

### Count 9

On or about January 12, 2012, in San Miguel County, in the District of New Mexico, the defendant, **AARON ROMERO,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), within 1,000 feet of the real property comprising the New Mexico Highlands University, a public university.

In violation of 21 U.S.C. § 860(a).

### Count 10

On or about January 31, 2012, in San Miguel County, in the District of New Mexico, the defendant, **PAUL ULIBARRI,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

### Count 11

On or about March 19, 2012, in San Miguel County, in the District of New Mexico, the defendant, **GILBERT ARAGON,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

### Count 12

On or about March 28, 2012, in San Miguel County, in the District of New Mexico, the defendant, **GILBERT ARAGON,** unlawfully, knowingly and intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of cocaine base.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

## Count 13

Between on or about November 30, 2011 and on or about January 12, 2012, in San Miguel County, in the District of New Mexico, the defendant, **AARON ROMERO,** did knowingly open, lease, rent, use, and maintain a place, namely residential premises at 510 9th Street, Las Vegas, New Mexico 87701, for the purpose of distributing and using controlled substances, to wit: cocaine base and heroin.

In violation of 21 U.S.C. § 856(a)(1).

## Count 14

Between on or about March 19, 2012 and on or about March 28, 2012, in San Miguel County, in the District of New Mexico, the defendant, **GILBERT ARAGON,** did knowingly open, lease, rent, use, and maintain a place, namely residential premises at 2701 N. 7th Street, # 74, Las Vegas, New Mexico 87701, for the purpose of distributing and using a controlled substance, to wit: cocaine base.

In violation of 21 U.S.C. § 856(a)(1).

## FORFEITURE ALLEGATION

Upon conviction of any of Counts 1, 2, 4, or 6 through 9 as alleged in this Indictment, the defendant, **AARON ROMERO**, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses in violation of 21 U.S.C. § 860(a) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses, and all property traceable to such property, including but not limited to the following:

1. residential premises, namely 510 9th Street, Las Vegas, New Mexico 87701.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Upon conviction of any of Counts 3, 11, or 12 as alleged in this Indictment, the defendant, **GILBERT ARAGON**, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses, and all property traceable to such property, including but not limited to the following:

1. residential premises, namely 2701 N. 7th St., #74, Las Vegas, New Mexico 87701 bearing license plate 66517MHA and VIN/K14378FBR60054, registered in San Miguel County, Las Vegas, New Mexico, to Dorothy B. Aragon. The residence is a 1976 mobile home, white in color bearing title no. 082075GU9007017.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Upon conviction of Count 5 as alleged in this Indictment, the defendant, **RUBY ARAGON**, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) which the defendant is convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense, and all property traceable to such property, including but not limited to the following:

    1.      residential premises, namely 715 Taos Street, Las Vegas, New Mexico 87701.

If any of the property described above, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney
08/07/12 2:30pm

8